## Paul Robinson v. International Industries Limited, Inc., and Forenta, Inc.

[430 A.2d 457]

No. 226-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed April 7, 1981

*Donald Arbitblit* of *Langrock Sperry Parker & Stahl*, Middlebury, for Plaintiff.

*Lynch & Foley*, Middlebury, for Defendant.

**Larrow, J.** By his amended complaint the plaintiff, a Vermont dealer and distributor, sought damages essentially contractual in nature from his Florida supplier, International Industries Limited, Inc. He also joined Forenta, Inc., a Delaware corporation manufacturing in Tennessee the product complained of as defective, and Carlisle Corporation, a Pennsylvania corporation which supplied for the product tires claimed to be defective. The product claimed defective was a Hand-I-Tow towing unit, several of which were purchased by plaintiff from International, and by International's direction shipped directly, prepaid, from Forenta's Tennessee factory to the plaintiff in Vermont. International was never served with process, and Carlisle entered into an out-of-court settlement resulting in its dismissal, so that only the claim against Forenta, Inc., is still in litigation. That claim, on motion, was dismissed by the trial court for lack of jurisdiction. This appeal challenges that dismissal.

Although the trial court made no findings of fact, a practice not to be encouraged in the type of ruling involved here, an affidavit of Forenta's president and general manager as to the material facts is apparently undisputed. We can, therefore, dispose of the issues presented. *State* v. *Murray,* 134 Vt. 115, 116, 353 A.2d 351, 353 (1976).

The essential facts are as follows. The units in question, designed for use in lifting and towing other vehicles behind a car or truck, were allegedly far short of their represented and warranted weight capacity, and thus unfit for their stated purpose. They were ordered by plaintiff, who paid for them, from International in Florida. International, in turn, ordered them from Forenta, the manufacturer, in Tennessee, requesting direct shipment to the plaintiff in Vermont, and paying for them. They were made by Forenta to International's design and specifications. The prepaid shipment was made in Tennessee by common carrier. No other contact with, or activity in, Vermont is ascribed to Forenta, and it is not registered to do business in Vermont.

The principal issue is thus clearly delineated by the parties. With service of process having been effected outside the state upon a foreign corporation, under the provisions of 12 V.S.A. §§ 855, 856, are the contacts of that corporation with Vermont sufficient basis to assert jurisdiction, under the tests mandated by the Due Process Clause of the Fourteenth Amendment? The policy of the statute is, as we have held, to assert such jurisdiction to the full extent permitted by the clause. *Bard Building Supply Co.* v. *United Foam Corp.*, 137 Vt. 125, 400 A.2d 1023 (1979).

Both parties urged upon the trial court, and upon us, that the decision in *Bard* is controlling in their favor. In that case we upheld in personam jurisdiction over a Pennsylvania corporation not otherwise doing business in Vermont which accepted by phone from plaintiff an order for merchandise, and shipped the goods C.O.D. to the plaintiff in Vermont. That action also sounded in contract, for claimed defects and resultant financial damage. We reviewed at some length the variety of cases following *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945), including *Kulko* v. *Superior Court*, 436 U.S. 84 (1978). Further review would serve no useful purpose.

On the facts in *Bard* we concluded that contract jurisdiction, as well as tort, can be based upon a single act within the state, that the "minimum contacts" requirement had been met, and that defendant had purposefully availed itself of the privilege of conducting activities within Vermont, the forum state. The purposeful commercial act upon which we relied most heavily was the sending of the C.O.D. shipment into Vermont, whereby defendant made the carrier its agent to deliver the goods in Vermont and to collect here the purchase price. That element is absent from this case, and it is a vital distinction. There is here no minimum contact with the State of Vermont. The goods were shipped to Vermont only by direction of their owner, International, and title to the goods passed in Tennessee to the plaintiff. 9A V.S.A. § 2—401(2)(a). Defendant never conducted any activity within the State of Vermont. If the goods purchased were in fact defective, plaintiff's cause of action on that account, if any, arose at the time and place of their delivery, *i.e.*, in Tennessee. Without enunciating any

different rule as necessarily applicable were this action one sounding in tort for personal injuries sustained in Vermont as a result of the claimed defects, we note that in such an action there is more contact with the forum, in that the tort would have its resultant damage in Vermont.

Quite clearly, the result in *Bard* does not govern the instant case. There are here no elements of contact with the state or activity in the state imputable to the foreign corporation sought to be served under 12 V.S.A. § 855, as therein required. The action in question grows out of a sale consummated in Tennessee, not out of any contact or activity of the defendant within Vermont. More directly in point is *Davis* v. *Saab Scania of America, Inc.*, 133 Vt. 317, 339 A.2d 456 (1975), where we struck down similar process directed at a foreign corporation for defects in an automobile sold in Connecticut, because, whatever the activities in Vermont, the claim did not arise out of those activities.

On the undisputed facts here, the ruling of the trial court was correct as a matter of law. Thus, having held that the defendant Forenta is not properly before the court, we need not reach its claim that the statute in question is impermissibly vague or an undue delegation of authority.

■ One additional basis for reversal of the trial court is urged by the plaintiff. It states, accurately, that the trial court ruled on Forenta's motion to dismiss while plaintiff had interrogatories pending and unanswered, and without first ruling on its motion to compel answers thereto. This, he claims, is error, and cites *Surpitski* v. *Hughes-Keenan Corp.*, 362 F.2d 254 (1st Cir. 1966). That case held:

A plaintiff who is a total stranger to a corporation should not be required, *unless he has been undiligent,* to try such an issue on affidavits without the benefit of full discovery. (Emphasis added.)

*Id.* at 255. Completely apart from the fact that we are not pointed to any part of the record indicating that this objection was raised below, a lack of requisite diligence clearly does appear. Forenta's motion to dismiss was filed August 1, 1979, with accompanying affidavit fully informing the plaintiff of the claimed jurisdictional defects. Despite this, the

interrogatories in question, most of which dealt with questions of liability rather than of jurisdiction, were not filed until April 15, 1980. Although our Rules contain no express restrictions on the time for such filing, ruling on a pertinent motion should not be precluded by unconscionable delay. The eight and one-half month delay involved here is, in our view, the "undiligence" referred to in *Surpitski*. This is particularly true when it is noted that the original action was commenced against the defendant International alone in September, 1977, and that Forenta was not added as a defendant until June, 1979. Even had the ground been urged below, plaintiff's opportunities for discovery do not appear to have been unduly foreclosed.

*Affirmed.*