## Gary G. Carothers, M.D. v. John G. Vogeler

[532 A.2d 580]

No. 85-127

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes,\* JJ.**

Opinion Filed August 7, 1987

*Kevin P. Dailey* and *Susan B. Dailey* of *Joseph J. O'Dea, P.C.,* Manchester, for Plaintiff-Appellant.

*William C. Dagger* of *Dick, Hackel & Hull*, Rutland, for Defendant-Appellee.

---

\* Justice Hayes heard oral argument but took no part in the decision of this case.

**Gibson, J.** Plaintiff, an Ohio resident, appeals the dismissal of his complaint and the denial of his motion for summary judgment, by which he sought conferral of full faith and credit to a judgment awarded him by an Ohio court. We affirm.

Defendant, a Vermont resident, purchased and restored a 1960 Porsche Roadster, Model 356. Desiring to sell it, he placed an advertisement in the February/March 1982 issue of *356 Registry*, a publication devoted to disseminating information about the 356 to Porsche enthusiasts in the United States, Canada and Mexico. The magazine is published bi-monthly by 356 Registry, Inc., a nonaffiliated, nonprofit corporation chartered in the State of Ohio.

Plaintiff saw the advertisement and, after communicating by telephone and mail with defendant, arranged to purchase the Porsche for $12,000. He initially mailed defendant $6,000 as a deposit and received the ownership papers in return. He then traveled to Vermont from Ohio to pay the remaining $6,000 in person. Plaintiff examined the car in Vermont, completed the purchase, and drove the Porsche back to his home in Ohio. Shortly thereafter, plaintiff became dissatisfied with the condition of the car and sought to rescind the transaction.

When attempts to resolve the dispute failed, plaintiff commenced a civil action in Ohio. Service of the complaint was made on defendant at his residence in Vermont. Defendant responded pro se in a letter addressed to plaintiff's counsel in Ohio, disputing plaintiff's allegations and challenging the Ohio court's jurisdiction. Defendant also sent a copy of the letter to the clerk of the Ohio court.

Plaintiff commenced discovery, serving by mail on the defendant two sets of interrogatories and a set of requests for admission. Defendant claims he never received the papers, and he did not respond to them; plaintiff subsequently filed a motion for summary judgment, which defendant also claims not to have received. When defendant failed to answer, the trial court granted the motion and awarded plaintiff $51,000. Plaintiff then sought to enforce the judgment in Vermont by filing a complaint in the Bennington Superior Court.

Defendant moved for summary judgment, claiming the Ohio court lacked personal jurisdiction over defendant, and that its order was an unenforceable foreign judgment. The Bennington court granted defendant's motion, and plaintiff appealed.

318

■ Plaintiff first contends that the defendant failed to preserve his jurisdictional claim for review by the Vermont trial court. Defendant's pro se response, filed with the Ohio court, set forth his jurisdictional attack, and was sufficient to preserve his claim. See O.R.C.P. 12(H). See also *Chase* v. *Pan-Pacific Broadcasting, Inc.*, 750 F.2d 131 (D.C. Cir. 1984) (party who has made no pre-answer motion may assert defense of lack of jurisdiction over the person in his answer, along with other defenses such as denials, affirmative defenses and counterclaims).

■ Plaintiff also claims that the Ohio court's jurisdiction could not be contested in the Vermont action that was brought only to enforce the judgment granted by the Ohio court. This Court has held, however, that the issue of jurisdiction of the rendering court is open to challenge in a collateral proceeding to enforce a judgment in a foreign state. *In re Hanrahan's Will*, 109 Vt. 108, 118, 194 A. 471, 476 (1937) (quoting *Thompson* v. *Whitman*, 18 Wall. 457, 469 (1873)). As was stated in *Hanrahan*, "this is the rule even when the inquiry necessitates disputing jurisdictional facts positively asserted in the judgment record." *Id.* at 119, 194 A. at 476.

Addressing the merits, plaintiff next argues that the judgment awarded in Ohio against defendant is entitled to full faith and credit in Vermont pursuant to Article IV of the United States Constitution. In considering the validity of plaintiff's claim, we must assess the applicability of the Ohio "long-arm" statute, Ohio Rev. Code Ann. § 2307.38.2 (Page 1982), to defendant, and determine whether the Ohio court correctly concluded that the defendant was within its reach, or whether, as the Vermont court held, that he was beyond its reach.

The United States Supreme Court requires that a nonresident defendant have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken* v. *Meyer*, 311 U.S. 457, 463 (1940)). The "minimum contacts" requirement performs two functions: it protects the defendant from having to defend in distant or inconvenient forums, and "it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. 286, 292 (1980). In addition, before jurisdic-

tion may attach, a defendant must, by some act, "purposefully avail[ ] [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson* v. *Denckla*, 357 U.S. 235, 253 (1958).

In the case at bar, defendant did not establish the requisite minimum contacts with Ohio. There is but one transaction between two individuals from two separate states, and all of the substantial contacts pertaining to the transaction occurred in Vermont. Defendant never traveled to Ohio, nor did he conduct any business activity there. Merely by advertising in the nationally circulated *356 Registry*, defendant did not avail himself of any benefit or law of Ohio. See *Kleinfeld* v. *Link*, 9 Ohio App. 3d 29, 31, 457 N.E.2d 1187, 1190-91 (1983) (sale of a camera which originated through an advertisement in a nationally circulated flyer was an isolated act between two individuals insufficient to satisfy due process requirements). See also *Pickens* v. *Hess*, 573 F.2d 380, 384-85 (6th Cir. 1978) (a building contract which originated through a nationally circulated advertisement was an isolated act insufficient to satisfy due process requirements); *Beal* v. *Caldwell*, 322 F. Supp. 1151, 1153-54 (E.D. Tenn. 1970) (nonresident's advertisement in magazine published in Tennessee and circulated in all fifty states and his one-time sale of an airplane in North Carolina to a resident of Tennessee did not meet quantity- and quality-of-contacts test necessary for in personam jurisdiction). Plaintiff came to Vermont to inspect the vehicle, and the sale and delivery of the vehicle were consummated in Vermont. Defendant's activity thus was not of the "quality and nature" required to make it reasonable for him to conduct his defense in a foreign state, *International Shoe*, 326 U.S. at 319, and the trial court in Vermont correctly concluded that the Ohio court lacked jurisdiction over him.

Our conclusion precludes the need to address the other issues raised by plaintiff.

*Affirmed.*