BLUE COMPASS CORPORATION, a/k/a Black Magic Chimney Sweeps International, Inc., Plaintiff,

v.

POLISH MASTERS OF AMERICA, Greg Dumond and Kathy Pryor Dumond, Defendants.

Civ. A. No. 91–134.

United States District Court, D. Vermont.

Oct. 9, 1991.

Edward B. French, Jr., David B. Stackpole Law Office, Stowe, Vt., for plaintiff.

H. Kenneth Merritt, Jr., Burlington, Vt., for defendant Greg Dumond.

### OPINION AND ORDER

PARKER, District Judge.

Plaintiff, a Vermont corporation engaged in the marketing of materials to assist start-up automobile detailing businesses,[1]

---

1. According to the complaint, "[a]uto detailing involves the intensive cosmetic care of automo- biles to enhance their look and value."

brought suit against defendants alleging copyright infringement under federal law and unfair competition under Vermont law. Defendant Greg Dumond, a resident of California, is the sole proprietor of an unincorporated business known as Polish Masters of America Mobile Detailing Centers. Service of process on Kathy Pryor Dumond, listed as a defendant in the complaint, has not been completed.

Defendant Greg Dumond, doing business as Polish Masters of America Mobile Detailing Centers, moves to dismiss for want of personal jurisdiction and improper venue, or, in the alternative, to transfer the case to the Central District of California. Affidavits and other supporting documents are attached to his pleading.

▆ Under Vermont's long arm statute, 12 V.S.A. § 913(b), the court may "exercise jurisdiction over defendants to the outer limits of the due process clause." *Sollinger v. Nasco Intern'l, Inc.*, 655 F.Supp. 1385, 1387 (D.Vt.1987). Under the due process clause, jurisdiction may be asserted over the defendant only where there is " 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)).

The materials in the file demonstrate that Dumond advertised his business in at least one magazine of national circulation, received a small number of inquiries from prospective Vermont customers, and actually obtained one Vermont customer and delivered his training manual to that customer. These contacts with Vermont are sufficient to support personal jurisdiction. See *Sollinger v. Nasco Intern'l, Inc.*, 655 F.Supp. at 1388 (jurisdiction asserted over foreign defendant who mailed its catalogs into Vermont to solicit sales and entered into a transaction with a Vermont resident, even though the transaction may not have been completed).

▆ As to the question of venue, 28 U.S.C. § 1400(a) directs that copyright infringement actions "be instituted in the district in which the defendant or his agent resides or may be found." Greg Dumond lives and operates his business in California, and, according to his affidavit, has never set foot in Vermont. Although a corporation defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction" for purposes of venue, under 28 U.S.C. § 1391(c), Dumond's business is not a corporation. The materials before the court show that Dumond and his sole proprietorship do not reside and may not be found in Vermont under the venue provisions. The District of Vermont is accordingly the wrong place to sue these defendants for copyright infringement.

▆ 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because the remaining state law claim may not be subject to dismissal, as explained in the following paragraph, transfer of the federal copyright claim to the Central District of California, rather than dismissal, is the appropriate remedy under § 1406(a).

It is at least arguable that the state unfair competition claim is properly brought in this district under 28 U.S.C. § 1391(b), which provides in part that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in … a judicial district in which … a substantial part of property that is the subject of the action is situated." Nevertheless, because the federal claim cannot be litigated in this district, it makes little sense to litigate the ancillary state claim here in piecemeal fashion. Therefore, pursuant to 28 U.S.C. § 1404(a)—which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other dis-

**6**

trict or division where it might have been brought"—the state as well as the federal claim is transferred to the Central District of California.

Defendant's motion, insofar as it requests a transfer of venue, is GRANTED.