**Richard C. MOLLIN, Appellant,**

v.

**George EUSON, and George Euson d/b/a Mid–American Guided Hunts, and Mid–American Guided Hunts, Respondents.**

**No. 64376.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 28, 1993.

Richard C. Mollin, pro se.

Kenneth J. Heinz, Clayton, for respondents.

GARY M. GAERTNER, Chief Judge.

Appellant, Richard C. Mollin, appeals from the June 15, 1993, order entered in the Circuit Court of St. Louis County sustaining respondents', George Euson, et al., motion to dismiss. We affirm.

Appellant, a resident of Minnesota, and five friends made arrangements with respondents, George Euson, et al., to hunt turkey in Kirksville, Missouri. Appellant apparently saw respondents' advertisement for guided hunts in *The Turkey Hunter*, a magazine devoted to that topic. Appellant sent $750.00 to respondents to secure his reservation for the hunt.

Although appellant's five friends were able to make the trip, appellant was forced to cancel. Appellant brought suit against respondents in a Minnesota Circuit Court for a refund of the $750.00. Respondents specially appeared and filed a motion to quash service of process and motion to dismiss alleging they were unreachable under Minnesota's long arm jurisdiction due to insufficient contacts with Minnesota.

In December of 1991, the Minnesota Circuit Court issued its findings of fact and conclusions of law finding that under a Minnesota statute, the fact that respondents advertised in a magazine which was delivered and distributed within that state provided the court with jurisdiction over respondents. The court held against respondents and ordered that the $750.00, as well as costs and interest, be awarded to appellant.

On February 16, 1993, appellant filed a petition for registration of the foreign judgment in the Circuit Court of St. Louis County. Respondents filed a motion to dismiss, contending the Minnesota judgment was obtained without jurisdiction over respondents. The motion was heard and argued, and on June 15, 1993, the court issued an order sustaining the motion to dismiss finding that respondents "had insufficient minimum contacts with the State of Minnesota to create jurisdiction within said state." This appeal ensued.

Initially, we note Rule 84.04 of the Missouri Rules of Civil Procedure addresses the construction of briefs on appeal and their contents. *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978) provides a detailed analysis of the rule, as well as an in-depth explanation of the requirements of the rule. We find appellant's brief severely deficient.

Appellant has failed to provide a Point Relied On. Rule 84.04(d) states:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder.

*Thummel v. King*, 570 S.W.2d at 686 provides:

> When counsel fail in their duty of filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case ... on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role.

Under the Points Relied On segment of his brief, appellant did include a list of authorities. Pursuant to Rule 84.04(d), "All authorities *discussed* in the argument shall be cited under the 'Points Relied On.'" (emphasis added). However, of the three authorities listed by appellant, only one was mentioned in the argument portion of the brief.

Although appellant's brief fails to follow the directives of Rule 84.04, because the issue on appeal is fairly obvious, we will review the actions of the trial court *ex gratia.*

■ Appellant suggests in his argument that respondents were precluded from raising the jurisdictional question at the time he filed for registration of the Minnesota judgment in the Missouri court. It is argued that if respondents wanted to contest jurisdiction after it was considered by the Minnesota court, their only avenue for doing so was through an appeal to the Minnesota Court of Appeals. We disagree.

This court has held that in actions to register foreign judgments, evidence going to the underlying merits is inadmissible. *Waterloo Lumber Co., Inc. v. Gardner,* 806 S.W.2d 513, 515 (Mo.App., E.D.1991). However, in the same actions, evidence relating to the forum court's jurisdiction is admissible. *Id.* Point denied.

■ In order for a forum state to maintain a suit against a non-resident defendant, due process requires the defendant to have sufficient minimum contacts with the state such that the suit does not offend traditional notions of fair play and substantial justice. *Elaine K. v. Augusta Hotel Associates,* 850 S.W.2d 376, 378 (Mo.App., E.D.1993). "Random, fortuitous, or attenuated contacts with the forum state cannot create jurisdiction." *Id.* [citing *Burger King v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985)]. In evaluating minimum contacts, it is proper for a court to focus on the relationship among the defendant, the forum and the litigation. *Id.* [citing *Calder v. Jones,* 465 U.S. 783, 788, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984)]. Due process questions whether the defendant has "purposely availed" itself of the privilege of conducting activities within the forum state. *State, Wichita Falls Gen. Hosp. v. Adolf,* 728 S.W.2d 604, 607 (Mo.App., E.D.1987). The court must find that defendant's contacts with the forum state are purposeful and such that the defendant "should reasonably anticipate being haled into court there." *Minuteman Press Intern., Inc. v. Hoffman,* 826 S.W.2d 34, 36 (Mo.App., W.D.1992) [citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)].

■ Appellant has referred us to no case-law whereby the single act of advertising in a presumed nationally distributed magazine, with no other contacts with the forum state, was sufficient to provide that state with jurisdiction over a defendant. Our research, on the other hand, has unearthed cases to the contrary. *See Kleinfeld v. Link,* 9 Ohio App.3d 29, 457 N.E.2d 1187 (1983) (Alaska improperly exercised jurisdiction over Ohio resident who advertised camera for sale in general trade magazine resulting in sale of camera to Alaska resident. Ohio resident's advertisement and use of Alaska roads and air space for shipment of camera through common carrier to buyer in Alaska were not contacts sufficient to provide Alaska with jurisdiction over the defendant); *Carothers v. Vogeler,* 148 Vt. 316, 532 A.2d 580 (1987) (Ohio improperly exercised jurisdiction over Vermont resident who advertised a car for sale in national publication resulting in sale of car to resident of Ohio. The Vermont court found where only one transaction occurred between the parties, where all substantial contacts pertaining to the transaction occurred in Vermont, and where the seller never traveled to Ohio, seller's contacts with Ohio were too minimal to provide Ohio jurisdiction over seller).

We find the facts before us similar to those above. Respondents advertised guided turkey hunts in a widely distributed magazine. Appellant, a resident of Minnesota, contacted respondents to arrange a hunt. Appellant forwarded two payments to the Missouri respondents, totalling $750.00 to cover his cost for the hunt. Appellant was to travel to Kirksville, Missouri to participate in the adventure. There was evidence to indicate respondents had never been to Minnesota. The legal file did contain copies of two letters written by respondent, George Euson, and sent to Minnesota relating to this incident. One was sent to inform appellant that respondents would not be able to refund the $750.00 due to appellant's late notice of cancellation; the other was sent to the circuit court judge accompanying respondents' motion to dismiss the action in Minnesota.[1] We do not find these de minimis contacts sufficient to allow Minnesota jurisdiction over respondents. Point denied.

Based on the foregoing, we affirm the action of the trial court.

SIMON and PUDLOWSKI, JJ., concur.

---

1. We find these facts distinguishable from *Adamson v. Harris*, 726 S.W.2d 475 (Mo.App.W.D. 1987). In *Adamson*, the appellate court found that a letter sent by a Missouri defendant to the Kansas court effectively waived defendant's defense that the Kansas court lacked jurisdiction. *Id.* at 478–9. However, besides informing the court he would be unable to appear in Kansas, the defendant provided the court with an explanation of his transaction with plaintiff in an attempt to defend against the suit. *Id.* at 477. Here, respondents offered no defense in their letter sent to the Minnesota Court. They simply informed the judge of their inability to appear in his court and asked him to consider their motion to dismiss.