Victor **SURPITSKI**, Plaintiff, Appellant,

v.

**HUGHES–KEENAN CORPORATION,**
-etc., et al., Defendants, Appellees.

No. 6689.

United States Court of Appeals
First Circuit.

Heard May 2, 1966.

Decided June 6, 1966.

Edward D. Tarlow, Boston, Mass., with whom John Lecomte, Princi & Lecomte, and Bradley, Barry & Tarlow, Boston, Mass., were on brief, for appellant.

Mark A. Michelson, Boston, Mass., with whom Will J. Bangs and Choate, Hall & Stewart, Boston, Mass., were on brief, for Hughes-Keenan Corp., etc., appellees.

Paul Fulton, Boston, Mass., with whom John J. Tannian, Arlington, Mass., was on brief, for Aerial-Lift Repair, Inc., appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

## OPINION OF THE COURT.

### PER CURIAM.

The sole question to which we will address ourselves in this case is one of practice—how quickly may the whistle be sounded on a plaintiff who is seeking to show that a foreign defendant is subject to service within the jurisdiction. Plaintiff's complaint was filed on August 31, 1965 and served the same day on the

Massachusetts Secretary of State as alleged agent for defendant United States Air Conditioning Corp., hereafter Air, and Aerial-Lift Repair, Inc., hereafter Aerial.[1] Air is a Delaware corporation, with its principal place of business in Ohio. Aerial is of Connecticut. A further named defendant, who was not served and did not appear, is one Gould, alleged to be a citizen of Connecticut. Plaintiff is a citizen of Massachusetts. The complaint alleges that the plaintiff sustained personal injuries while working in a "Sky-worker," a sort of derrick-operated crow's-nest, because of negligent manufacture by Air and maintenance by Aerial.

On September 17 plaintiff granted Air an extension of time to plead. On October 1 Air moved to quash service and dismiss for lack of jurisdiction. Plaintiff filed interrogatories to Air on October 14, addressed to jurisdictional issues, and filed a request for admission of facts on October 26. Instead of answering the interrogatories Air filed extensive affidavits and a memorandum in support of its motion to dismiss.

On November 1, on whose instigation does not appear, a hearing was called on Air's motion to dismiss. Plaintiff reported to the court the state of the record. The court's response was that plaintiff must file affidavits in one week. On November 4 Air filed answers and objections to plaintiff's demand for admission of facts. On November 8 plaintiff filed affidavits. On November 12 Air finally answered the interrogatories, accompanied by a supplementary memorandum in support of its motion to dismiss.

Meanwhile, on November 3, defendant Aerial had filed a similar motion to dismiss. Both of these motions came on for hearing on November 15. Plaintiff apparently expected that this was to be an evidentiary hearing, and had a number of witnesses present under subpoena. The court stated that it would not take testimony, that plaintiff would have "48 hours to file some sort of a motion," and that the court would "take the matter under advisement."

On November 17, plaintiff moved to be allowed to file further interrogatories to Air, to be allowed to examine witnesses, and for a continuance to prepare further his case on jurisdiction. On the same date, he filed more affidavits, and on December 8, he filed interrogatories to both Air and Aerial. On December 20, without further hearing, the court granted defendants' motions to dismiss. In an accompanying opinion it stated that, insofar as there was conflict in the affidavits, it had resolved differences in defendants' favor. In its ruling, the court denied all plaintiff's pending motions, and stated that "further interrogatories, or another hearing, would merely entail a fishing expedition * * *."

Without our deciding on the question whether, on the present record, Air should have been found subject to process in Massachusetts,[2] plaintiff had at least made good headway, and shown his position not to be frivolous. A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery. If the court did not choose to hear witnesses, this may well have been within its province, but in such event plaintiff was certainly entitled to file such further interrogatories as were reasonably necessary and, if he wished, to take depositions. The condemnation of plaintiff's proposed further activities

1. A third named defendant, Hughes-Keenan Corporation, subsequently represented itself to be but a "division" of Air, and on that representation plaintiff dismissed against it. We assume that Air joined in that representation.

2. We will observe that the district court appears to have over-emphasized the circumstance that title to the machines passed through Gould, and the significance of Aro Manufacturing Co. v. Automobile Body Research Corp., 1 Cir., 1965, 352 F.2d 400, cert. den. 383 U.S. 947, 86 S. Ct. 1199.

as a "fishing expedition" was unwarranted. When the fish is identified, and the question is whether it is in the pond, we know no reason to deny a plaintiff the customary license.

This error was magnified as to the defendant Aerial. This defendant first contested jurisdiction on November 3. Yet on November 15 plaintiff was, in essence, faced with a demand to show jurisdiction within 48 hours "or else." No possible reason for such precipitateness was shown in the court below, or suggested here.

Judgment will be entered vacating the judgment of the District Court and remanding the action for further proceedings not inconsistent herewith.