**Shibo HAYASHI et al., Appellant,**

v.

**RED WING PEAT CORPORATION, Appellee.**

**No. 21749.**

United States Court of Appeals
Ninth Circuit.

May 10, 1968.

---

**14**

Thomas J. Greenan (argued), Charles S. Burdell, of Ferguson & Burdell, Seattle, Wash., for appellant.

Robert W. Graham (argued), Ronald T. Schaps, Peter D. Byrnes, of Bogle, Gates, Dobrin, Wakefield & Long, Seattle, Wash., for appellee.

Before HAMLIN, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

Appellee moved to dismiss an antitrust action, as to appellee, for improper venue. The motion was granted. We affirm on the ground stated in the district court's opinion, Hayashi v. Sunshine Garden Products, Inc., 285 F.Supp. 632 (W.D.Wash.1967).

Appellants contend that the district court erroneously believed that it was required to pass upon the motion without allowing discovery.

■ Of course the trial court may permit discovery on such a motion, and indeed should do so where discovery may be useful in resolving issues of fact presented by the motion, particularly since the necessity of resolving such issues is created by the movant himself and the relevant evidence is peculiarly within the movant's possession. H. L. Moore Drug Exchange, Inc. v. Smith, Kline & French Lab., 384 F.2d 97 (2d Cir. 1967); Surpitski v. Hughes-Keenan Corporation, 362 F.2d 254, 255 (1st Cir. 1966); Collins v. New York Central System, 117 U.S.App. D.C. 182, 327 F.2d 880, 883 (1963); Monteiro v. Sociedad Mar San Nicolas, S.A., 254 F.2d 514, 517 (2d Cir. 1958); Urquhart v. American-La France Foamite Corporation, 79 U.S.App.D.C. 219, 144 F. 2d 542, 544 (1944); 4 Moore, Federal Practice ¶ 26.09[.2–3] at 1104–05 (1967).

But it is clear that the district court was well aware of its power. In disposing of similar motions on behalf of other defendants, the district court indicated its willingness to consider entering an order permitting discovery limited to factual issues relating to venue, but appellants rejected the offer.

■ Appellants have not shown that the district court abused its discretion with respect to discovery in this case. The facts relied upon by the appellants in their written and oral presentations to the district court are reflected in the court's opinion and were not in dispute. Compare H. L. Moore Drug Exchange, Inc., supra.

■ Moreover, appellants did not request an opportunity to conduct discovery on factual issues relating to the motion before the motion was determined. Rather, appellants' position was that the motion should be denied on the record as it stood, subject to later renewal, and that appellants should be permitted to proceed with unlimited discovery on the merits. This was consistent with appellants' position on the earlier motions that discovery limited to facts relating to venue, followed by discovery on the merits if the motion were denied, would be duplicative and wasteful, and therefore appellants did not care to conduct discovery limited to venue. Despite the inadequacy of appellants' showing in opposition to the motion, discovery limited to facts relevant to

the motion might well have been justified, but appellants could not insist upon unlimited discovery. Compare Associated Metals & Minerals Corp. v. S. S. Geert Howaldt, 348 F.2d 457, 459 (5th Cir. 1965). The court was not compelled to subject appellee to the burden of discovery relating to issues on the merits when the possibility that appellants would eventually prevail on the issue of venue was wholly speculative and apparently slim.

Since appellants disavowed reliance upon acts of alleged coconspirators within the district as affording a basis for venue, we need not consider whether Giusti v. Pyrotechnic Productions, Inc., 156 F.2d 351, 354 (9th Cir. 1946) holds that venue may be established on this basis, and, if it does, whether, as appellee argues, such a holding is inconsistent with Banker's Life & Casualty Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953). See Bertha Bldg. Corp. v. National Theatres Corp., 248 F.2d 833 (2d Cir. 1957); H. L. Moore Drug Exchange, Inc., supra.

Affirmed.