**Mario Recado RIERA, Plaintiff,**

v.

**MURTY BROTHERS AGENCY, INC., Defendant.**

Civ. No. 178–72.

United States District Court, D. Puerto Rico.

Feb. 15, 1974.

Charles R. Cuprill, Peter L. Nimkoff, Ponce, P. R., for plaintiff.

Luis R. Mellado, San Juan, P. R., for defendant.

## 188

## OPINION

TOLEDO, Chief Judge.

A motion to dismiss this action for lack of personal jurisdiction over the defendant has been pending since April 28, 1972. A motion to set aside default, filed June 15, 1972, and a motion to dismiss for lack of jurisdiction over the subject matter, filed May 12, 1972, were held in abeyance by order of this Court dated December 5, 1972 until such time as we decide the issue as to personal jurisdiction.

According to the allegations of the complaint, the defendant herein is a common carrier specializing in the interstate and international transportation of animals including race horses. On or about November 23, 1971, plaintiff delivered his race horse "Golden Image" to defendant in the State of New York for carriage to Puerto Rico. At the time, defendant accepted "Golden Image" she was in healthy and sound condition. On or about December 11, 1971, when plaintiff received "Golden Image" in Puerto Rico, she proved to be in severely injured condition. The injury has rendered "Golden Image" valueless. Plaintiff alleges that the injury to "Golden Image" can be attributed to the acts of defendant, and he sues for damages exceeding $10,000.

Despite the allegations of the complaint, in a deposition taken of Robert Murty, sales agent for defendant corporation, it appears that Murty Brothers Agency, Inc. does nothing more than make arrangements for horses to be shipped all over the world, including Puerto Rico. (P. 51, 53). Specifically, Mr. Murty stated: "We will do all of the things necessary that a travelling agent might do for moving a passenger from one point to another". (page 53).

The Court of Appeals for the First Circuit has recognized the validity of using discovery procedures to resolve questions relating to personal jurisdiction. Surpitski v. Hughes-Keenan Corp., 362 F.2d 254 (1 Cir. 1966).

As things stand now, the defendant corporation is no more than a shipping agent, who in this particular case, arranged for the shipment of horses to Puerto Rico. As such its ambit of activity, for purposes of determining whether it does business in Puerto Rico under Rule 4.7 of the Commonwealth of Puerto Rico Rules of Civil Procedure (long-arm statute), Title 32, Laws of Puerto Rico Annotated, Rule 4, is limited to an area in and around the state of New York. To hold that defendant's activity should stretch to Puerto Rico simply because travel arrangements it made called for final delivery of "Golden Image" in Puerto Rico would, we feel, violate the fundamental fairness principle embodied in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

According to the deposition of Mr. Murty, defendant corporation has no offices in the Commonwealth of Puerto Rico, has never had offices in Puerto Rico, has no agents or employees here, has no real or porsonal property here, has never contracted with any advertising agency in Puerto Rico to promote the business of the corporation in Puerto Rico, has never executed a contract within Puerto Rico (the one involved in the case at bar was entered into in New York) and has no bank accounts in Puerto Rico.

The plaintiff has failed to rebut the aforementioned facts. Allegations in the complaint to the effect that defendant is a common carrier specializing in transporation of animals including race horses is not supported by any evidence and is therefore not enough. Plaintiff took the deposition of William K. Dunlop, but this Court disallowed said deposition by order dated July 20, 1973. We indicated that a new disposition of Mr. Dunlop could be taken provided adequate notice were given, but plaintiff never followed up on our order. At the hearing held specifically to determine the personal jurisdiction issue, both parties relied entirely on the record.

No witnesses were brought by either side.

The plaintiff has had ample opportunity to prove his case and has not done so. Whittaker Corporation v. United Aircraft Corporation, 482 F.2d 1079 (1973). Accordingly, the motion to dismiss is hereby granted and this action is hereby dismissed and judgment will be entered accordingly.