BUTTE MINING PLC, Tzarina & Travona Mining Corp., and North Butte Mining Company, Plaintiffs,

v.

Clive J. SMITH, et al., Defendants.

No. CV–92–031–BU.

United States District Court, D. Montana, Butte Division.

Oct. 2, 1992.

William A. Rossbach, Rossbach & Whiston, PC, Missoula, MT, Herbert I. Deutsch, Robert B. Frey , Vincent R. Coffey, Alfred N. Metz, Ganine Gambale, Roy A. Heimlich, Deutsch & Frey, LLP, New York City, Karl J. Englund, Englund Law Office, Missoula, MT, for Butte Min. PLC, Tzarina & Travona Min. Corp., Central Butte Min. Corp. and North butte Min. Co.

Joan E. Cook, Miller & Cook,Great Falls, MT, for Clive J. Smith, Fiona Smith, Helen Smith, Finchley Investments Ltd., Newsham Investments Ltd., Newsham No. 1 Trust and Newsham No. 2 Trust.

Randy J. Cox, Boone, Karlberg & Haddon, Missoula, MT, for Kerry Harmanus.

John D. Stephenson, Jardine, Stephenson, Blewett & Weaver, PC, Great Falls, MT, Thomas P. Sullivan, Jenner & Block, Chicago, IL, for Robertson Group PLC, Robertson Research (Singapore) Private Ltd., Robertson Research Intern. Ltd., Robertson Montana, Inc. and Simon Engineering, PLC.

R.D. Corette, Corette, Pohlman, Black, Carlson, Nichelson & Johnston, Butte, MT, for Montana Min. Properties, Inc. and John J. Oitzinger, Western & Pacific Resources, Ltd., Black Rock Min. Ltd., Blue Bird Min. Investments Ltd., East Ridge Ltd., Eureka Min. Investments Ltd., Goldbrick Min. Investments Ltd., Original Butte Investments Ltd., Oro Fino Placer Ltd., Mountain Consolidated Investments Ltd., Silver Bow Invest-

ments Ltd., Wabash Min. Ltd., West Butte Investments Ltd., Yankee Doodle Min. Investments Ltd., Black Rock Min. Co., Blue Bird Min., Co., East Ridge Min. Co., Eureka Min. Co., Goldbrick Min. Co., Original Butte Min. Co., Oro Fino Placer Min. Corp., Mountain Con Min. Co., Silver Bow Consolidated Corp., Wabash Min. Co., Wesr Butte Metals, Inc. and Yankee Min. Co.

Ronald B. MacDonald, Datsopoulos, MacDonald & Lind, PC, Missoula, MT, for Dennis Washington and Milton Datsopoulos.

Maxon R. Davis, Davis, Hatley, Haffeman & Tighe, PC, Great Falls, MT, for Herbert Roy Bichan and John Thomas Clarke.

David McLean , Knight, Dahood, McLean, Everett & Dayton, Anaconda, MT, for K. Malcolm Clews.

Maria Sorolis, Brant & Moore, Jacksonville, FL, for D.C. Wilkinson.

Robert E. Sheridan, Garlington, Lohn & Robinson, PLLP, Missoula, MT, for Byatt, Michau & Smart, M.P. Byatt and M.P. Byatt & Co.

Edward Beaudette, Beaudette Law Office, Anaconda, MT, Stephen VanDrake, John Raboin, Raboin Law Office, Brainerd, MN, for Jay Mineral Services Ltd.

Richard F. Gallagher, Church, Harris, Johnson & Williams, Great Falls, MT, for Ernst & Young Intern.

John Matson, Ernst & Young, New York City, and Richard F. Gallagher, Church, Harris, Johnson & Williams, Great Falls, MT, for Ernst & Young U.S. and Ernst & Young UK.

*MEMORANDUM AND ORDER*

HATFIELD, Chief Judge.

The plaintiffs, consisting of Butte Mining PLC ("Butte Mining") and three of that entity's wholly-owned subsidiaries, bring this action charging the defendants engaged in a pattern of racketeering activity designed to defraud the plaintiffs in relation to their purchase of certain mining properties in the State of Montana. This court has jurisdiction of the subject matter of the controversy pursuant to 28 U.S.C. § 1331 in conjunction

with the Racketeer–Influenced and Corrupt Organizations Act (18 U.S.C. § 1964(c)) and the Securities and Exchange Act of 1934, section 27 (15 U.S.C. § 78aa).

Presently before the court is the motion of the plaintiffs requesting the court to enjoin that defendant identified as Ernst & Young, a partnership organized under the laws of the United Kingdom ("Ernst & Young (U.K.)"), from prosecuting a civil action against Butte Mining before the London High Court of Justice, Chancery Division. In that action, Ernst & Young (U.K.) seeks to collect approximately $550,000.00 for professional accounting services it allegedly rendered to Butte Mining. The plaintiffs assert the claim advanced by Ernst & Young (U.K.) in England is a compulsory counterclaim which Ernst & Young (U.K.) must plead against Butte Mining in the case at bar as mandated by Fed.R.Civ.P. 13(a).

The question to be decided is whether this court should enjoin Ernst & Young (U.K.) from prosecuting its collection action in the English courts. The court answers this question in the affirmative.

*BACKGROUND*

By way of their complaint in this action, the plaintiffs assert claims against innumerable defendants including Ernst & Young International, Ernst & Young, a U.S. partnership and Ernst & Young, a U.K. partnership. The plaintiffs allege the various Ernst & Young defendants and their predecessors in interest were the accountants for the plaintiffs during the entire period of time pertinent to this action. In that capacity, the Ernst & Young defendants rendered a "fairness opinion" to Butte Mining regarding one of the mining properties acquired by Butte Mining. The operative allegations of the plaintiffs' complaint against the Ernst & Young defendants are breach of contract to perform accounting and related services for the plaintiffs; negligent performance of their work; breach of fiduciary duties of care and loyalty owed to the plaintiffs; and conspiracy with other named defendants to defraud plaintiffs.

Subsequent to plaintiffs' May 20, 1992, commencement of this action, Ernst & Young (U.K.) commenced a suit against Butte Min-

ing on May 26, 1992, in the English High Court of Justice, seeking to collect an unpaid balance of professional fees allegedly due and owing it from Butte Mining in the approximate sum of $550,000.00, for services performed by Ernst & Young (U.K.) in the United Kingdom. Ernst & Young (U.K.) and Butte Mining were each served by the other in relation to the referenced actions on May 28, 1992.

*DISCUSSION*

The requirement of Fed.R.Civ.P. 13(a) that a litigant interpose compulsory counterclaims is "designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Const. Co. v. Pickard,* 371 U.S. 57, 60, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). To achieve the goal of judicial economy underlying Rule 13(a), a federal district court may utilize its equitable power to enjoin a party from instituting subsequent proceedings on a claim that should have been pleaded as a compulsory counterclaim in an action pending before the federal district court. *Seattle Totems, etc. v. National Hockey League,* 652 F.2d 852, 854–55 (9th Cir.1981), *cert. denied,* 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1313 (1982). This equitable power extends to proceedings which have been brought in the courts of a foreign country. *Id.*

The plaintiffs contend the circumstances of this case warrant the issuance of an injunction to prevent Ernst & Young (U.K.) from prosecuting the English action. Accordingly, they invoke the court to exercise its discretion and grant the requested injunction.

Ernst & Young (U.K.) denies the claim it asserts in the English action constitutes a compulsory counterclaim within the purview of Rule 13(a). The professional fees it seeks to recover in the English action, Ernst & Young (U.K.) asserts, are fees resulting from services performed for Butte Mining in matters unrelated to its purchase of the mining properties which spawned the plaintiffs' claims in the present action. The debt action cannot, in the opinion of Ernst & Young (U.K.), be considered to have arisen out of

the transaction that is the subject matter of the plaintiffs' claims.

■ Ernst & Young (U.K.) presents the correlative argument that the plaintiffs' motion for injunctive relief is premature because it has been presented prior to the filing of a responsive pleading. Having filed a motion to dismiss under Fed.R.Civ.P. 12(b) that challenges the validity of the plaintiffs' claims, Ernst & Young (U.K.) submits it is under no obligation to assert a counterclaim in the forum of the plaintiffs' choosing.[1]

Finally, Ernst & Young (U.K.) implores the court to recognize that the grant of an injunction in the circumstances of this case would offend the notion of international comity by restraining a foreign national from pursuing payment of professional fees for "work conducted in a foreign country for a foreign corporation solely because the plaintiffs have chosen to file their complaint in this court."

■ The phrase "transaction or occurrence that is the subject matter" must be afforded a liberal interpretation to ensure that Rule 13(a) accomplishes its intended goal, *i.e.*, avoiding a multiplicity of suits. *See, Albright v. Gates*, 362 F.2d 928 (9th Cir.1966). The "transaction or occurrence" requirement is satisfied if the essential facts of the various claims are "so logically connected that considerations of judicial economy and fairness dictate that all issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir.1987), *citing, Harris v. Steinem*, 571 F.2d 119, 123 (2nd Cir.1978). Based upon the pleading, the court finds the claim advanced by Ernst & Young (U.K.) against Butte Mining in the English action is logical-ly related to the claim advanced by Butte Mining in the action before this court.

Ernst & Young (U.K.) acknowledges a professional relationship with Butte Mining but simply states that the fees which are the subject of the collection action are for more recent services unrelated to the services it provided Butte Mining in relation to that entity's acquisition of mining properties in Montana. However, the complaint alleges the conduct of Ernst & Young (U.K.) continued throughout its relationship with Butte Mining, and alleges a continuing conspiracy to deprive Butte Mining of business opportunities as well as to conceal the control and domination of plaintiffs by members of the conspiracy. The allegations are, in the court's opinion, sufficient to place at issue the entitlement of Ernst & Young (U.K.) to recover for any services it provided to Butte Mining subsequent to the existence of the alleged conspiracy. Accordingly, the court must conclude the claim upon which the collection action is predicated is logically related to the claims advanced by the plaintiffs in the case before this court.

■ The prematurity argument presented by Ernst & Young (U.K.) is of little compulsion. Rule 13(a) provides an exception to the compulsory requirement, stating that a claim which is the subject of a pending action need not be pleaded as a compulsory counterclaim even though it arises out of a transaction or occurrence that is the subject matter of the opposing party's claim. The exception, however, only applies if at the time the federal action was commenced, the claim was the subject of a pending action. Consequently, the exception is of no avail to a defendant sued in federal court who thereafter, but before answering, institutes a suit against the plaintiff in another court. *See,* 3 MOORE'S FEDERAL PRACT. ¶ 13.14[2].[2]

---

1. In this same vein, Ernst & Young (U.K.) argues it should not be forced to assert a counterclaim and thereby concede that this court may exercise *in personam* jurisdiction over it. While there exists a divergence of opinion among the federal courts as to whether the assertion of a compulsory counterclaim constitutes a waiver of a challenge to the personal jurisdiction of the court, this circuit recognizes that the assertion of a compulsory counterclaim does not constitute a waiver of a defendant's objection to lack of personal jurisdiction. *Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241, 244 (9th Cir.

1967). The rule is obviously consonant with clear precedent establishing the propriety of affording a plaintiff the opportunity to conduct discovery essential to ascertain jurisdictional facts. *See, Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *Surpitski v. Hughes–Keenan Corp.*, 362 F.2d 254 (1st Cir.1966).

2. The amendment to subdivision (a) accomplished in 1946 was designed to ensure that a party having a claim which would be the subject of a compulsory counterclaim could not avoid

Vested with the discretion to enjoin the English action instituted by Ernst & Young (U.K.), this court must determine whether to exercise that power with due regard for the balance of the convenience in litigating the parties' disputes in one forum rather than the other, the interest of judicial economy, and potential prejudice to either party. *See, Seattle Totems, etc. v. National Hockey League*, 652 F.2d at 855–56. Because the requested injunction is directed to proceedings in a foreign court, the court must also give appropriate regard to the principles of international comity. *See, China Trade & Development Corp. v. M.V. Choong Yong*, 837 F.2d 33 (2nd Cir.1987).[3] Upon balance, this court finds that the equitable considerations attendant this action counsel in favor of enjoining the proceedings instituted in England by Ernst & Young (U.K.).

The court finds two of the factors properly considered in determining the propriety of enjoining the proceeding in a foreign court to be particularly compelling. First, the separate adjudication of the paramount issue of importance as framed by the plaintiffs' complaint—whether Ernst & Young (U.K.) engaged in conspiratorial and fraudulent conduct in its dealings with the plaintiffs—could result in inconsistent rulings, but more importantly, a race to judgment. Although Ernst & Young (U.K.) disputes that the claim for fees asserted in the English action pertains to services that in any way relate to the transaction upon which the plaintiffs' complaint in this action is premised, it is evident from the broad scope of the complaint that Butte Mining would defend the English action upon the grounds that the conspiratorial and fraudulent conduct of Ernst & Young (U.K.) continued throughout the entire relationship extant between the two entities. The factual issue of whether Ernst & Young (U.K.) engaged in the conspiratorial or fraudulent conduct alleged by Butte Mining would prove to be the focal point of the litigation before this court as well. Ernst & Young (U.K.), therefore, should not be allowed to prosecute the "defense action" in what appears to be an attempt to have the issue resolved in an action that involves only Butte Mining and Ernst & Young (U.K.).

Second, adjudicating the issue of the propriety of Ernst & Young (U.K.)'s conduct in two separate actions would most certainly result in substantial inconvenience and expense to the parties and witnesses which will necessarily include many of the defendants named in this action. Because resolution of the action before this court would be dispositive of the English action, this inconvenience and expense should be avoided. The court is not unmindful of the interests of comity and the prudence that must be exercised in resolving the question of whether to restrain the civil proceedings of another sovereign. *See, Donovan v. City of Dallas*, 377 U.S., 408, 412, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964). However, the equitable considerations present in the present situation outweigh the minimal impact upon comity that issuance of the injunction would occasion.

Therefore, for the reasons set forth herein, IT IS HEREBY ORDERED that the plaintiffs' motion requesting the court to enjoin

---

the compulsory requirement by bringing an independent action in another court after the commencement of the federal action, but before serving the pleading in the federal action. Fed. R.Civ.P. 13, Comm. Note of 1946 to amended subdivision (a). Consistent with the intent of Rule 13(a), the Rule evolved that the first federal court was vested with discretion to enjoin the second proceeding. *Id. Philp v. Macri*, 261 F.2d 945 (9th Cir.1958).

3. The plaintiffs suggest that the concern of international comity is of no relevance in determining the propriety of enjoining the English action. In its opinion, international comity is not an issue since the English action raises no important issues of English law and public policy. However,

it is well recognized that the fact an injunction operates only against the parties, not directly against the foreign courts, does not eliminate the need for due regard to principles of international comity since the order effectively restricts the jurisdiction of a court of a foreign sovereign. *China Trade & Development v. M.V. Choong Yong*, 837 F.2d at 35 (*citing, Peck v. Jenness*, 48 U.S. (7 How.), 612, 625, 12 L.Ed. 841 (1849); *United States v. Davis*, 767 F.2d 1025, 1038 (2nd Cir. 1985)). The directive of the Ninth Circuit in *Seattle Totems v. National Hockey League* that the power to enjoin be "used sparingly" is implicitly predicated upon this conclusion. 652 F.2d at 855.

defendant Ernst & Young (U.K.) from prosecuting a civil action against Butte Mining before the London High Court of Justice, Chancery Division, be, and the same hereby is, GRANTED.