95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN TELEPHONE & TELEGRAPH COMPANY,
Defendant-third-party-plaintiff-Appellant,
v.
COMPAGNIE BRUXELLES LAMBERT, now known as Groupe Bruxelles
Lambert S.A., et al., Third-party-defendant-Appellee.
 No. 94-16368.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1995.
Decided Aug. 28, 1996.
 
 Before: BROWNING, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 AT & T appeals the dismissal of its claims against Groupe Bruxelles Lambert, S.A., the parent corporation of a company whose operations caused environmental contamination at a site near Bakersfield. In a contemporaneously filed opinion, we reject AT & T's challenge to the district court's ruling on personal jurisdiction. In this memorandum disposition, we reject AT & T's contention that the district court erred by dismissing its claims without allowing discovery against GBL.
 
 
 3
 Discovery relating to personal jurisdiction generally " 'should be granted where pertinent facts bearing on the issue of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.' " Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 431 n. 24 (9th Cir.1977) ( quoting Kilpatrick v. Texas & P. Ry., 72 F.Supp. 635, 638 (S.D.N.Y.1947)). Nonetheless, a trial court's decision to deny discovery directed to in personam jurisdiction is reviewed for abuse of discretion and cannot be reversed "except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1285 n. 1 (9th Cir.1977); see Butcher's Union v. SDC Investment, Inc., 788 F.2d 535, 540 (9th Cir.1986). Hayashi v. Red Wing Peat Corp., 396 F.2d 13 (9th Cir.1968), is not to the contrary. The Hayashi panel held only that the district court was not without power to allow discovery on venue when issues of fact remained and "the necessity of resolving such issues is created by the movant himself and the relevant evidence is peculiarly within the movant's possession." Id. at 14.[1]
 
 
 4
 AT & T does not argue on appeal that it was prejudiced by the denial of discovery, and the record does not support a finding of "actual and substantial prejudice." Although AT & T argued it should have been allowed to conduct discovery against GBL on alter ego issues, it did not specify what information it expected to obtain as a result of such discovery. AT & T argues discovery must be allowed if the broad remedial goals of CERCLA are to be served, but this sweeping and generalized allegation does not establish prejudice.
 
 
 5
 Despite extensive discovery against Keystone, AT & T has been unable to specify what information it needed from GBL and how it was prejudiced by the failure to obtain that information. The district court did not abuse its discretion in granting dismissal without allowing discovery against GBL.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Other circuits have said that "[a] plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try [personal jurisdiction] on affidavits without the benefit of full discovery." Compagnie de Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurance, 723 F.2d 357, 362 (3d Cir1983) ( quoting Supritski v. Hughes-Keenan Corp., 362 F.2d 254, 255-56 (1st Cir.1966))
 AT & T would fare no better were we to adopt this reasoning. AT & T's allegations against GBL concern GBL's relationship with Keystone and actions GBL purportedly took through Keystone. AT & T obtained more than 100,000 documents from Keystone, including correspondence and minutes of board meetings, and deposed Keystone's former chairman and the two managers of the Bakersfield facility. AT & T is not a "stranger" to GBL, see Compagnie de Bauxites de Guinee, 723 F.2d at 362, nor is all the evidence "peculiarly within [GBL's] possession." Hayashi, 396 F.2d at 14.