NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1149
_____

SUSAN ROCKE;
JEFFREY ROCKE,

Appellants

v.

PEBBLE BEACH COMPANY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 12-cv-3372)
District Judge: Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2013
_____

Before: RENDELL, JORDAN and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: October 10, 2013)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellants, Susan and Jeffrey Rocke, seek review of the District Court's decision granting Appellee's, Pebble Beach Company ("Pebble Beach"), motion to dismiss for lack of personal jurisdiction[1] and the District Court's denial of Appellants' request to conduct jurisdictional discovery. For the reasons set forth below, we will vacate the District Court's order as to personal jurisdiction and remand for jurisdictional discovery.

## I. Background

We write primarily for the benefit of the parties and recount only the essential facts. Susan and Jeffrey Rocke are residents of Phoenixville, Pennsylvania. Pebble Beach owns and operates The Lodge at Pebble Beach ("the Lodge"), a golf and spa resort located in Pebble Beach, California. Prior to their 2011 visit to the Lodge, the Rockes allege they received advertisements soliciting business in the form of mailings and emails from Pebble Beach.[2] The Rockes further allege their decision to visit the Lodge was based on these advertisements. In addition to the advertisements, Pebble Beach maintains an interactive website on which Pennsylvania residents can make reservations, as well as a toll-free telephone number that Pennsylvania residents may use. However, the Rockes did not take advantage of these resources to make their reservations. Instead, Rick Johnson, a friend of the Rockes who is a resident of Ohio, made the reservations.

---

[1] In its motion to dismiss, Pebble Beach sought dismissal for lack of personal jurisdiction, or in the alternative, a transfer of venue. Since the motion to dismiss was granted, the District Court did not reach the venue question.

[2] The Rockes provided examples of advertisements and emails dated after the time of the accident.

2

On September 3, 2011, Mrs. Rocke, while walking in the resort, slipped, fell and struck her head. Mrs. Rocke alleges that she sustained a traumatic brain injury as a result of the accident. After the accident, the Rockes returned to their home in Pennsylvania. Thereafter, an employee in Pebble Beach's Risk Management Office left four voicemail messages at the Rockes' Phoenixville home. In the messages, the employee acknowledged that Pebble Beach was responsible for Mrs. Rocke's fall and her resulting injury and requested a status update about her injuries so as to reimburse Mrs. Rocke's medical expenses.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction over this matter under 28 U.S.C. § 1291.

We review de novo the District Court's dismissal for lack of personal jurisdiction. Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155 (3d Cir. 2010). We review the District Court's decision denying the Rockes' request to conduct jurisdictional discovery for abuse of discretion. Id. at 157.

## III. Analysis

The Rockes contend that the District Court erred in dismissing their complaint for lack of personal jurisdiction. Alternatively, the Rockes argue they are entitled to jurisdictional discovery so as to uncover facts they allege will reveal the nature and extent of Pebble Beach's business activities in Pennsylvania.

A. Legal Standard

3

"A district court sitting in diversity may assert personal jurisdiction over a nonresident party to the extent allowed under the law of the forum state." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009); see also Fed. R. Civ. P. 4(k). The long arm statute in Pennsylvania allows courts to exercise personal jurisdiction "to the full extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b). Generally, a plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence. Control Screening LLC v. Tech. Application & Prod. Co., 687 F.3d 163, 167 (3d Cir. 2012).

Two types of personal jurisdiction exist: general and specific. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 (1984). General jurisdiction exists when the plaintiff's claim arises out of the defendant's "continuous and systematic" contacts with the forum state. General jurisdiction exists even if the cause of action is unrelated to the defendant's activities in the forum state. Specific jurisdiction exists when the plaintiff's claim arises out of the defendant's activities within the forum such that the defendant could reasonably anticipate being haled into the state's courts. Vetrotex Certainteed Corp. v. Consl. Fiber Glass Prods. Co., 75 F.3d 147 (3d Cir. 1995).

B. General Jurisdiction

Pebble Beach's contacts with Pennsylvania, as alleged by the Rockes, are insufficient to establish general jurisdiction. General jurisdiction arises only if a defendant has maintained "continuous and systematic general business contacts" with the forum state. Helicopteros, 466 U.S. at 416. See also Provident Nat'l Bank v. California

4

Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) ("The nonresident's contacts to the forum must be continuous and substantial.").

Although the Rockes allege they received mailings and emails from Pebble Beach prior to their visit to the Lodge, these contacts do not meet the continuous and systematic presence needed to establish general jurisdiction. Pebble Beach is not incorporated in Pennsylvania nor does it maintain an office or an agent there. Additionally, the record is devoid of any evidence of ongoing contractual relationships between Pebble Beach and Pennsylvania residents. Metcalfe, 566 F.3d at 335 (noting that, when viewed cumulatively, the defendant corporation's "sales and advertising demonstrate a pattern of contacts with" the forum jurisdiction, which "when coupled with the ten-year warranty that [defendant] purports to offer with every sale, tend to suggest ongoing business relationships between [defendant] and [forum jurisdiction] residents").

There is no basis, on this record, to conclude that Pebble Beach's contacts with Pennsylvania are sufficiently continuous and substantial to establish general jurisdiction.

C.  Specific Jurisdiction

We conclude that based on Pebble Beach's contacts with Pennsylvania, as alleged by the Rockes on this record, specific jurisdiction is not established. Specific jurisdiction exists when the plaintiff establishes the existence of minimum contacts between the defendant and the forum state. To do so, plaintiff must satisfy three steps. First, the plaintiff must show that the defendant has "purposefully directed its activities" at the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Second, the

5

litigation must "arise out of or relate" to at least one of those activities. Helicopteros, 366 U.S. at 414; Grimes v. Vitalink Commc'ns Corp., 17 F.3d 1553, 1559 (3d Cir. 1994). If these two requirements are met, the court may then consider whether the exercise of jurisdiction would "comport with fair play and substantial justice." Burger King, 471 U.S. at 476.

Physical entrance is not required to satisfy the first prong of the specific jurisdiction test. Burger King, 471 U.S. at 471; Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 100 (3d Cir. 2004) (finding that mail and communications sent by defendant into a forum state may count towards minimum contacts in specific jurisdiction analysis). However, the defendant must have "'purposefully avail[ed] itself of the privilege of conducting activities within the forum'" before specific jurisdiction arises. O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

The Rockes have not shown that Pebble Beach's contact with Pennsylvania prior to the accident meets this threshold of contact. The Rockes assert Pebble Beach sent an unspecified amount of advertising material to them via mail and emails. Isolated or sporadic contact absent a showing of deliberate action is insufficient to establish the minimum contacts required to establish specific jurisdiction. O'Connor, 496 F.3d at 317-18.

The Rockes rely on this Court's holding in O'Connor to support their claim of specific jurisdiction. This reliance is misplaced. The defendants in O'Connor used

6

mailings and emails to cultivate a relationship with the O'Connors and to solicit

additional business directly from them. The mailings addressed the O'Connors'

particular interests, unlike the generic advertisements provided to the Rockes. In short,

the contacts here are more impersonal, irregular and general than that required by the

O'Connor standard.

Pebble Beach's interactive website also fails to qualify as purposeful contact. We

have observed that

> the mere operation of a commercially available web site should not subject
> the operator to jurisdiction anywhere in the world. Rather, there must be
> evidence that the defendant "purposefully availed" itself of conducting
> activity in the forum state, by directly targeting its web site to the state,
> knowingly interacting with residents of the forum state via its web site, or
> through sufficient other related contacts.

Toys "R" Us Inc. v. Step Two, S.A., 318 F.3d 446, 452-53 (3d Cir. 2003). Here,

nothing in the record suggests the web site directly targeted Pennsylvania, or that

Pebble Beach knowingly interacted with Pennsylvania residents through the web

site.

The Rockes also rely on post-injury contact to establish specific jurisdiction.

Generally, "the proper focus in the specific jurisdiction analysis is on those contacts

leading up to and surrounding the accrual of the cause of action. Later events are not

considered." 16 Moore's Federal Practice – Civil § 108.42 (3d ed. 2010). Due process

requires that the defendant receive adequate notice. World-Wide Volkswagen Corp. v.

Woodson, 444 U.S. 286, 291 (1980). Therefore, it is unreasonable for the Rockes to rely

on post-injury contact.

7

To support their proposition, the Rockes cite Mellon Bank PSFS, N.A. v. Farino, 960 F.2d 1217 (3d Cir. 1992) as an example of when this Court has considered "the defendant's contacts with the forum before, during and after the injury." Id. at 1224. The facts in Mellon Bank differ significantly from the instant case. In Mellon Bank, the defendants defaulted on several loans, and then tried to get their debt restructured through phone calls and mailings to the bank in Pennsylvania. After their debt was restructured, they failed to repay their loans. We concluded that our jurisdictional inquiry was not limited to virtually non-existent contacts defendants had with Pennsylvania before their debt was restructured. Id. Unlike the loan-repayment scenario in Mellon Bank, only pre-injury contacts are relevant for specific jurisdiction analysis in a premises liability case. Moreover, Pebble Beach's post-injury contacts were not purposefully directed at the Rockes in order to solicit more business. Since Pebble Beach's contacts fail to establish specific jurisdiction, the District Court properly concluded that there was a lack of personal jurisdiction based on the record before it.

D.  Jurisdictional Discovery

While we agree with the District Court that the record before it failed to support personal jurisdiction, we conclude that the District Court abused its discretion in denying the Rockes' request for jurisdictional discovery. The Supreme Court has held that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978). This Court has instructed that unless a plaintiff's claim is "clearly frivolous,"

8

jurisdictional discovery should be allowed.  Toys "R' Us, 318 F.3d at 456 (citing

Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026,

1042 (3d Cir. 1997)).  Further, this Court has found jurisdictional discovery particularly

appropriate where a defendant is a corporation.  Compagnie Des Bauxites de Guinee v.

L'Union Atlantique S.A. d'Assurances, 723 F.2d 357, 362 (3d Cir. 1983).  ("'A plaintiff

who is a total stranger to a corporation should not be required, unless he has been

undiligent, to try such an issue on affidavits without the benefit of a full discovery.'")

(quoting Surpitski v. Hughes-Keenan Corp., 362 F.2d 254, 255-56 (1st Cir. 1966)).

Discovery is necessary, according to the Rockes, since the business-related

information they seek is in the sole possession of Pebble Beach.  They assert that this

Court has found similar information imbalance can hinder the District Court's ability to

determine whether jurisdiction exists under the Pennsylvania long arm statute.  Toys "R"

Us, 318 F.3d at 456-57.  Because such an imbalance in access to information exists here,

the Rockes should have the opportunity to conduct jurisdictional discovery.  The District

Court abused its discretion by finding otherwise.

## IV.  Conclusion

We will vacate the order granting the motion to dismiss, reverse the District

Court's order denying jurisdictional discovery, and remand to allow the Rockes to engage

in discovery.

9